IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION



| | | |
|---|---|---|
| DAVID E. MACK<br>*Plaintiff,*<br><br>vs<br><br>MIDLAND CREDIT<br>MANAGEMENT, INC.<br>*Defendant.* | § § § § § § § § § § § | Case No. 4:15-cv-135<br><br><br>TRIAL BY JURY DEMANDED |

## FIRST AMENDED COMPLAINT

### JURISDICTION

1. This Court has jurisdiction under 47 U.S.C. § 227, 28 U.S.C §1331, 1367, 1441, and 1446.

2. All conditions precedent to the bringing of this action have been performed.

### PARTIES

3. The Plaintiff in this lawsuit is David E. Mack (Plaintiff), a natural person, who resides in Collin County, Texas.

4. The Defendant in this lawsuit is Midland Credit Management, Inc. (Midland) a debt collection company with corporate offices at 8875 Aero Drive, Suite 200, San Diego, CA 92123.

### VENUE

5. The occurrences which give rise to this action occurred in Collin County, Texas and Plaintiff resides in Collin County, Texas.

6. Venue is proper after removal to the Eastern District of Texas Sherman Division.

## GENERAL ALLEGATIONS

7. On January 7, 2014 Midland called Plaintiff's wireless phone number 682-560-1675 at 10:29 AM from 877-237-0512, which is a number known to be used by Midland in its debt collection operations.

8. The call made by Midland was made with an automatic telephone dialing system (ATDS) to Plaintiff's wireless phone.

9. Midland made the call to Plaintiff's wireless phone using ATDS capable equipment without consent, express or otherwise, from the Plaintiff to do so.

10. The call made to Plaintiff's wireless phone was not for an emergency purpose and was made without the express consent of the Plaintiff having been given at any time.

11. Midland called at a time that was inconvenient and Plaintiff answered the phone and told the calling party **to quit calling twice** but the calling party hung up. Plaintiff had previously made numerous similar requests when calls were received from Midland. See Plaintiff's handwritten notes made at or near the time of the call. Exhibit 1 Attached.

12. The Plaintiff has never had any business relationship with Midland at any time.

13. The Plaintiff attempted to mitigate damages in this matter by sending a notice of intent to litigate to the Defendant before commencing legal action and Defendant failed to respond. See Exhibit 2 attached.

## COUNT I

### VIOLATIONS OF 47 U.S.C. § 227 AND TEXAS BUSINESS AND COMMERCE CODE ANN. § 305.053

14. Plaintiff repeats and re-alleges each and every allegation stated above.

15. Defendant's aforementioned conduct violated 47 U.S.C. § 227 *et. seq.* and Texas Business and Commerce Code Ann. § 305.053.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a. Adjudging that Defendant violated 47 U.S.C. § 227 *et.seq.* and Texas Business and Commerce Code Ann. § 305.053.

b. Awarding Plaintiff statutory damages, pursuant to Texas Business and Commerce Code Ann. § 305.053.

c. Awarding Plaintiff any costs and attorney's fees incurred in this action;

d. Awarding Plaintiff any post-judgment interest as may be allowed under the law;

e. Awarding such other and further relief as the Court may deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully Submitted,

*/s/ David E. Mack*

David E. Mack
7720 McCallum Blvd. #2099
Dallas, Texas 75252
972-735-9642
mack2001@swbell.net

\

## CERTIFICATE OF SERVICE

This is to certify a true and correct copy of the foregoing document was sent to the below named party by first class USPS mail.

Dated: March 4, 2015

_____
David E Mack

Reid S. Manley
BURR & FORMAN LLP
420 North 20th Street Suite 3400
Birmingham, Alabama 35203